# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID KNAPP, | CASE NO. 1:11-cv-01467-SKO PC |
| Plaintiff, | FIRST SCREENING ORDER DISMISSING COMPLAINT, WITH LEAVE TO AMEND, FOR FAILURE TO STATE A CLAIM |
| v. | |
| N. GRANNIS, et al., | (Doc. 1) |
| Defendants. | THIRTY-DAY DEADLINE |

## First Screening Order

### I. Screening Requirement and Standard

Plaintiff David Knapp, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 and California law on September 1, 2011.[1] The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

---

[1] In his complaint, Plaintiff mentions his compliance with court orders in his other case, of which the Court takes judicial notice. Case number 1:08-cv-00780-ROS PC was dismissed on August 24, 2010, pursuant to Plaintiff's notice of voluntary dismissal. The proceedings in that closed case have no bearing on this case, which is a new and separate action.

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955 (2007)), and courts "are not required to indulge unwarranted inferences," Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). While factual allegations are accepted as true, legal conclusions are not. Iqbal, 556 U.S. at 678.

Under section 1983, Plaintiff must demonstrate that each defendant personally participated in the deprivation of his rights. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). This requires the presentation of factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**II.  Discussion**

  **A.  Summary of Allegations**

Plaintiff was incarcerated at the California Substance Abuse Treatment Facility and State Prison (CSATF) in Corcoran when the events at issue in this action occurred. Plaintiff names Inmate Appeals Branch Chief N. Grannis, Chief Medical Officer A. Enenmoh, Dr. K. Lee, Correctional Health Care Services Manager G. Martinez, and four Does as defendants. Plaintiff seeks damages and an injunction mandating that he be provided with timely pain medication. However, Plaintiff is no longer incarcerated at CSATF and he is therefore limited to seeking damages.[2]

Plaintiff alleges that he has rheumatoid arthritis, generalized osteoporosis, and disc herniation at L1-2 and L2-3. Plaintiff alleges that from 2006 to present, he has not been provided with

---

[2] When an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions. Alvarez v. Hill, 667 F.3d 1061, 1063-64 (9th Cir. 2012), Nelson v. Heiss, 271 F.3d 891, 897 (9th Cir. 2001); Dilley v. Gunn, 64 F.3d 1365, 1368 (9th Cir. 1995); Johnson v. Moore, 948 F.2d 517, 519 (9th Cir. 1991). Plaintiff is now incarcerated at Mule Creek State Prison in Ione, and he may not obtain any equitable relief aimed at remedying his current conditions of confinement in this lawsuit, which arises from past events at CSATF.

appropriate medical care.[3] Plaintiff alleges that at times, his conditions have gone untreated for long periods of time, causing his health to deteriorate. Further, as a result of disruptions to his pain medication, he has suffered from crippling pain.

### B. Eighth Amendment Medical Care Claims[4]

#### 1. Legal Standard

To constitute cruel and unusual punishment in violation of the Eighth Amendment, prison conditions must involve "the wanton and unnecessary infliction of pain." Rhodes v. Chapman, 452 U.S. 337, 347, 101 S.Ct. 2392 (1981). A prisoner's claim of inadequate medical care does not rise to the level of an Eighth Amendment violation unless (1) "the prison official deprived the prisoner of the 'minimal civilized measure of life's necessities,'" and (2) "the prison official 'acted with deliberate indifference in doing so.'" Toguchi v. Chung, 391 F.3d 1051, 1057 (9th Cir. 2004) (quoting Hallett v. Morgan, 296 F.3d 732, 744 (9th Cir. 2002) (citation omitted)). A prison official does not act in a deliberately indifferent manner unless the official "knows of and disregards an excessive risk to inmate health or safety. . . ." Farmer v. Brennan, 511 U.S. 825, 837, 114 S.Ct. 1970 (1994). Deliberate indifference may be manifested "when prison officials deny, delay or intentionally interfere with medical treatment," or in the manner "in which prison physicians provide medical care." McGuckin v. Smith, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, WMX Techs., Inc. v. Miller, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc).

However, under section 1983, Plaintiff must link the named defendants to the participation in the violation at issue. Iqbal, 556 U.S. at 676-77, 129 S.Ct. at 1948-49; Simmons v. Navajo

---

[3] Assuming Plaintiff was not sentenced to life in prison without the possibility of parole, he had four years from the date his claims accrued within which to file suit, and it appears that some of his claims may be time barred. Cal. Civ. Proc. Code §§ 335.1, 352.1. However, Plaintiff's complaint does not set forth enough information for the Court to determine when Plaintiff's claims accrued.

[4] Plaintiff also alleges a Fourteenth Amendment claim. To the extent that Plaintiff is attempting to state a substantive due process claim based on denial of medical care, the claim fails as a matter of law. If a constitutional claim is covered by a specific constitutional provision, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process. County of Sacramento v. Lewis, 523 U.S. 833, 843, 118 S.Ct. 1708 (1998) (quotation marks and citation omitted). In addition, Plaintiff does not have a protected liberty interest at stake with respect to the inmate appeals process and he may not pursue a due process claim arising out of the resolution of his inmate appeals. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988).

County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934.  Liability may not be imposed on supervisory or administrative personnel under the theory of *respondeat superior*, Iqbal, 556 U.S. at 676-77, 129 S.Ct. at 1948-49; Ewing, 588 F.3d at 1235, and supervisors or administrators may only be held liable if they "participated in or directed the violations, or knew of the violations and failed to act to prevent them," Taylor v. List, 880 F.2d 1040, 1045 (9th Cir. 1989); accord Starr v. Baca, 652 F.3d 1202, 1205-08 (9th Cir. 2011); Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d 1189, 1204 (9th Cir. 1997).  In short, some culpable action or inaction must be attributable to the defendants.  Starr, 652 F.3d at 1205; Jeffers v. Gomez, 267 F.3d 895, 914-15 (9th Cir. 2001); Redman v. County of San Diego, 942 F.2d 1435, 1446-47 (9th Cir. 1991); Hansen v. Black, 885 F.2d 642, 646 (9th Cir. 1989).

**2.     Discussion**

Although Plaintiff's complaint is lengthy, it is very general in nature and it fails to describe with any specificity the actions or omissions attributable to Defendants.  Unquestionably, the denial of adequate pain medication can support a claim under section 1983, Clement v. Gomez, 298 F.3d 898, 904 (9th Cir. 2002), but Plaintiff's mere disagreement with the course of treatment chosen will not support a claim, Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981), and in the absence of any specific facts describing Defendants' role, no claim is stated, Iqbal, 556 U.S. at 678.  To prevail on a claim involving disagreement with the course of treatment chosen, plaintiff "must show that the course of treatment the doctors chose was medically unacceptable under the circumstances . . . and . . . that they chose this course in conscious disregard of an excessive risk to plaintiff's health." Jackson v. McIntosh, 90 F.3d 330, 332 (9th Cir. 1986) (internal citations omitted).  Further, a difference of opinion between medical personnel regarding treatment does not amount to deliberate indifference, and therefore, mere allegations of medication changes will not support a claim. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir. 1989).

In addition, several of the defendants were involved, apparently solely, in responding to Plaintiff's inmate appeals.  Generally, denying a prisoner's administrative appeal does not cause or

4

contribute to the underlying violation. George v. Smith, 507 F.3d 605, 609 (7th Cir. 2007) (quotation marks omitted). However, because prison administrators cannot willfully turn a blind eye to constitutional violations being committed by subordinates, Jett v. Penner, 439 F.3d 1091, 1098 (9th Cir. 2006), there may be limited circumstances in which those involved in reviewing an inmate appeal can be held liable under section 1983.[5] That circumstance has not been presented here, as Plaintiff supports his medical care claim with only the most conclusory of allegations.

Finally, Plaintiff names four Doe defendants and while Doe defendants are permitted in federal court, Wakefield v. Thompson, 177 F.3d 1160, 1163 (9th Cir. 1999), the designation may not be used as a catch-all for unknown parties whose actual involvement is presently entirely unknown to Plaintiff. As with named defendants, Plaintiff is required to link each Doe defendant, separately, to actions or omissions which violated his constitutional rights.

### C.     State Law Negligence Claim

Plaintiff also alleges a negligence claim under California law and he does allege compliance with the Government Claims Act, which is a prerequisite to filing suit and which must be specifically alleged in the complaint. Shirk v. Vista Unified Sch. Dist., 42 Cal.4th 201, 208-09 (Cal. 2007); State v. Superior Court of Kings Cnty. (Bodde), 32 Cal.4th 1234, 1239 (Cal. 2004); Mabe v. San Bernardino Cnty. Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1111 (9th Cir. 2001); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995); Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988). However, Court will not exercise supplemental jurisdiction over a state law claim unless Plaintiff states a viable federal claim, which he has not yet done. 28 U.S.C. § 1367(a); Herman Family Revocable Trust v. Teddy Bear, 254 F.3d 802, 805 (9th Cir. 2001).

In the event that Plaintiff is able to amend to state a viable federal claim, Plaintiff is advised that "[t]he elements of a medical malpractice claim are (1) the duty of the professional to use such

---

[5] The Court notes that Plaintiff incorrectly asserts that Defendant Grannis is in charge of prison medical care. Defendant Grannis is the Chief of the Inmate Appeals Branch. She is neither a medical care provider nor an overseer of medical care; she is in charge of the administrative grievance process provided to inmates. This does not preclude the imposition of liability against her, but Plaintiff's allegations will have to demonstrate how the head of the inmate appeals office, who is not even located at the institution, is responsible for acting with deliberate indifference to his medical needs.

skill, prudence, and diligence as other members of his profession commonly possess and exercise; (2) a breach of that duty; (3) a proximate causal connection between the negligent conduct and resulting injury; and (4) actual loss or damage resulting from the professional's negligence." Avivi v. Centro Medico Urgente Medical Center, 159 Cal.App.4th 463, 468, n.2, 71 Cal.Rptr.3d 707, 711 (Cal. Ct. App. 2008) (internal quotations and citation omitted). Plaintiff must allege sufficient facts to support his claim and his complaint falls short of stating a cognizable negligence claim, notwithstanding the lack of a present basis for exercising supplemental jurisdiction.

### III. Conclusion and Order

In conclusion, Plaintiff's complaint fails to state a claim under section 1983 for violation of the Eighth Amendment. Plaintiff's complaint also fails to state a claim for negligence under California law. However, some of the deficiencies may be capable of being cured through amendment and the Court will provide Plaintiff with the opportunity to file an amended complaint. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George, 507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights, Iqbal, 556 U.S. at 676-77. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the prior complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220. Therefore, "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, it is HEREBY ORDERED that:

1. Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;
2. The Clerk's Office shall send Plaintiff a civil rights complaint form;

3. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint;

4. Plaintiff's amended complaint may not exceed **twenty-five (25) pages**, not including exhibits; and

5. If Plaintiff fails to file an amended complaint in compliance with this order, this action will be dismissed, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

Dated:   **August 27, 2012**                    /s/ Sheila K. Oberto
                                                UNITED STATES MAGISTRATE JUDGE