# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID KNAPP, | Case No. 1:11-cv-01467-SKO PC |
| Plaintiff, | ORDER DENYING PETITION FOR WRIT OF MANDAMUS |
| v. | (Doc. 24) |
| N. GRANNIS, et al., | |
| Defendant. | |

Plaintiff David Knapp, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 1, 2011.  This action is proceeding on Plaintiff's amended complaint, filed on April 9, 2013, against Defendant Lee for violation of the Eighth Amendment of the United States Constitution.  Plaintiff's claim arises out of Defendant's failure to provide him with adequate medical care while he was at California Substance Abuse Treatment Facility and State Prison (CSATF) in Corcoran, California.

On July 29, 2013, Plaintiff filed a petition for writ of mandamus seeking an order requiring prison officials at Valley State Prison to provide him with copies of his medical records, at his expense.

The All Writs Act provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in the aid of their respective jurisdictions and agreeable to the usages and principles of law."  28 U.S.C. § 1651(a).  While a writ of

1 mandamus may be issued under the All Writs Act, "[m]andamus is a 'drastic and extraordinary 2 remedy reserved for really extraordinary causes.'" *Hernandez v. Tanninen*, 604 F.3d 1095, 1099 3 (9th Cir. 2010) (quoting *Cheney v. U.S. Dist. Court for Dist. of Columbia*, 542 U.S. 367, 380, 124 4 S.Ct. 2576, 2586 (2004)).

5 Plaintiff's attempt to seek relief via a petition for writ of mandamus is misplaced. In 6 addition to jurisdictional issues arising from Plaintiff's desire for a writ directed at state prison 7 officials, *see Cheney*, 542 U.S. at 380, 124 S.Ct. at 2586 (section 1651(a) codified the common-8 law writ of mandamus against a lower court); *Demos v. U.S. Dist. Court for Eastern Dist. of* 9 *Washington*, 925 F.2d 1160, 1161-62 (9th Cir. 1991) (no jurisdiction to issue writ to a state court); 10 *Robinson v. California Board of Prison Terms*, 997 F.Supp. 1303, 1308 (C.D. Cal. 1998) (federal 11 courts lack power to issue writs of mandamus directing state agencies to act), Plaintiff cannot 12 demonstrate (1) the absence of any other adequate means to attain relief and (2) a clear and 13 indisputable right to the issuance of the writ, *Cheney*, 542 U.S. at 380-81, 124 S.Ct. at 2587.

14 A motion seeking the issuance of a preliminary injunction would be the more appropriate 15 form of relief to seek, but even if the petition is so construed, Plaintiff lacks standing to seek 16 injunctive relief in this action. *Summers v. Earth Island Institute*, 555 U.S. 488, 493, 129 S.Ct. 17 1142, 1149 (2009); *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 559-61, 112 S.Ct. 2130 (1992); 18 *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). Plaintiff is challenging his past 19 conditions of confinement at CSATF in this civil rights action and he is necessarily limited to 20 seeking damages. *Alvarez v. Hill*, 667 F.3d 1061, 1063-64 (9th Cir. 2012); *Pinnacle Armor, Inc.* 21 *v. U.S.*, 648 F.3d 708, 715 (9th Cir. 2011); *Rhodes v. Robinson*, 408 F.3d 559, 565-66 n.8 (9th Cir. 22 2005).

23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

Accordingly, based on the foregoing, Plaintiff's petition for writ of mandamus is HEREBY ORDERED DENIED.

IT IS SO ORDERED.

Dated: **July 31, 2013**              **/s/ Sheila K. Oberto**
                                    UNITED STATES MAGISTRATE JUDGE