# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID KNAPP, | Case No. 1:11-cv-01467-SKO (PC) |
| Plaintiff, | ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO PROSECUTE |
| v. | |
| N. GRANNIS, et al., | (Docs. 28 and 29) |
| Defendant. | |

Plaintiff David Knapp, a state prisoner proceeding pro se and in forma pauperis, filed this civil rights action pursuant to 42 U.S.C. § 1983 on September 1, 2011. This action is proceeding on Plaintiff's amended complaint, filed on April 9, 2013, against Defendant Lee for violation of the Eighth Amendment of the United States Constitution. Plaintiff's claim arises out of Defendant's failure to provide him with adequate medical care while he was at California Substance Abuse Treatment Facility and State Prison in Corcoran, California.

On March 10, 2014, the Court ordered Plaintiff to submit a prison record bearing Defendant Lee's name within thirty days, following the United States Marshal's inability to locate Defendant Lee for service of process. (Docs. 27, 28.) On April 25, 2014, after more than thirty days passed and Plaintiff did not comply with or otherwise respond to the order, the Court ordered Plaintiff to show cause within thirty days why sanctions should not be imposed for failing to obey a court order. Plaintiff was warned that if he failed to respond to the order, this action would be

dismissed, with prejudice, for failure to prosecute. (Doc. 29.) More than thirty days have passed and Plaintiff has not complied with or otherwise responded to the order to show cause.

"In determining whether to dismiss an action for lack of prosecution, the district court is required to consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King*, 856 F.2d 1439, 1440 (9th Cir. 1988) (internal quotation marks and citation omitted); *accord Omstead v. Dell, Inc.*, 594 F.3d 1081, 1084 (9th Cir. 2010); *In re Phenylpropanolamine (PPA) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006). These factors guide a court in deciding what to do, and are not conditions that must be met in order for a court to take action. *In re PPA*, 460 F.3d at 1226 (citation omitted).

This case has been pending since 2011, and the expeditious resolution of litigation and the Court's need to manage its docket weigh in favor of dismissal. *Id.* at 1227.

With respect to prejudice resulting from delay, the information provided by Plaintiff was insufficient to allow the United States Marshal to identify, locate, and serve Defendant. Without further information from Plaintiff, this case is stalled at the service phase, and further unreasonable delay is prejudicial to Defendant. *See Omstead*, 594 F.3d at 1084 (unreasonable delay required). Responsibility for the delay rests exclusively with Plaintiff and it is unfair to Defendant to allow the action to remain pending indefinitely given Plaintiff's failure to respond to the Court's orders.

With respect to the fourth factor, "public policy favoring disposition of cases on their merits strongly counsels against dismissal," but "this factor lends little support to a party whose responsibility it is to move a case toward disposition on the merits but whose conduct impedes progress in that direction." *In re PPA,* 460 F.3d at 1228.

Finally, given the refusal to respond to the Court's orders, there are no other reasonable alternatives available to address Plaintiff's failure to prosecute. *In re PPA,* 460 F.3d at 1228-29; *Carey*, 856 F.2d at 1441.

///

///

1  Accordingly, this action is HEREBY DISMISSED, with prejudice, based on Plaintiff's
2 failure to prosecute. Fed. R. Civ. P. 41(b); Local Rule 183(b).

IT IS SO ORDERED.

Dated:   **June 21, 2014**                             **/s/ Sheila K. Oberto**
                                                    UNITED STATES MAGISTRATE JUDGE